No. 3741

Second Circuit

SIMMONS ET AL. v. GALLASPY ET AL.

(November 18, 1931. Opinion and Decree.)

James W. Jones, Jr., of Natchitoches, attorney for plaintiffs, appellants.

Breazeale & Hughes, of Natchitoches, attorneys for defendants, appellees.

McGREGOR, J. On July 9, 1929, Mrs. Ethel Gallaspy, defendant in this case, alleging herself to be the owner of a special mortgage note dated at Natchitoches, Louisiana, April 28, 1924, for $300, signed and executed by R. H. Simmons and his wife, Lucy Simmons, sought and obtained an order for executory process for the sale of the property covered by the said special mortgage. It is specially alleged, and the act of mortgage so shows, that the wife joined her husband in the act and that they waived all homestead rights in the land described therein. Since the execution of the mortgage and note and before the order for executory process was issued, R. H. Simmons died, and the customary notice to pay was served on Mrs. Lucy Simmons as his surviving spouse according to law.

On August 23, 1929, while the sheriff was proceeding to advertise the property for sale, Mrs. Lucy Simmons and all her children, issue of her marriage with her deceased husband, filed suit for an injunction against Mrs. Gallaspy, and the sheriff of Natchitoches parish, to restrain them from selling the property described in the mortgage, and because of the shortness of time before the day of sale, a temporary restraining order was prayed for and granted.

In their petition for the injunction the plaintiffs alleged:

(1) That the note and mortgage were given without consideration as an accommodation to F. G. Galaspy, a merchant, the husband of defendant.

(2) That the wife, Mrs. Lucy Simmons, never signed the note and mortgage and that her signatures to the note and mortgage are forgeries, and that they, therefore, interpose their homestead rights on the ground that the wife never joined in the homestead waiver.

(3) That if there was any consideration for the said note it had long since been paid.

(4) That, even if there were a valid consideration given for the note and mortgage, they were the property of F. G. Gallaspy, the husband, and that the said Mrs. Ethel Gallaspy, the wife, could not be the owner of them under the law.

On trial of the rule to show cause why preliminary injunction should not issue, there was judgment in favor of the plaintiffs and the preliminary injunction was accordingly issued. Later, on the trial of the merits of the case, there was judgment in favor of the defendants dissolving the preliminary injunction and for $30 attorney's fee. From this judgment the plaintiffs appealed.

None of the plaintiffs testified at the trial, though it is said that they were present in court. The only effort made by them was to secure the original ledger sheets showing the account of R. H. Simmons with F. G. Gallaspy over a period of several years, and to cross-examine the said Gallaspy thereon.

No appearance has been made in this court by the appellants, but in spite of that fact we have carefully examined the record but find no error therein.

We therefore order, adjudge and decree that the judgment appealed from be, and the same is hereby affirmed, the plaintiffs to pay all costs in both courts.